**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION<br><br>Mazzocca et al. v. 3M Company et al. | MDL No. 2:18-mn-2873-RMG |

**SHORT FORM COMPLAINT AND JURY DEMAND**

The Plaintiffs named herein through Exhibit A file this Short Form Complaint and Jury Demand against Defendants named below by and through their undersigned counsel and as permitted by Case Management Order ("CMO") No. 35. This Short Form Complaint is being utilized, permitted and filed in the interests of judicial economy and takes an abbreviated form. Whether and when there will be non-short form complaints and answer(s) will be the subject of further discussions among counsel and the Court. Plaintiffs' Leadership and Defendants' Leadership have stipulated and agreed that at this time and until further Order of the Court, they will not assert that any Short Form Complaint (1) fails to state a cognizable cause of action, (2) fails to state a claim upon which relief may be granted, (3) fails to plead allegations with sufficient particularity, or (4) any other defenses related to insufficiency of pleadings. Plaintiffs' Leadership and Defendants' Leadership have further stipulated and agreed that until further Order of the Court, they will not file motions pursuant to Rule 12(b)(6) against any filed Short Form Complaints asserting a failure to plead allegations with specificity, or failing to meet the requirements of Fed. R. Civ. P. 8. Motion practice on the individual personal injury Complaints subject to this Order shall be stayed and may proceed only upon leave of Court and with the protections afforded under CMO 35. Use of this Short Form Complaint will not be permitted after the expiration of the Filing Facilitation Window as set forth by this Court in CMO 35.

## Plaintiffs

1. Plaintiffs listed in attached Exhibit A allege exposure to Perfluoroalkyl and Polyfluoroalkyl Substances ("PFAS") due to Aqueous Film-Forming Foam ("AFFF"). As a result of exposure to AFFF, Plaintiffs (and/or Decedents) endured pain and suffering, emotional distress, mental anguish, economic injuries, and personal injuries as described below.
2. Plaintiffs allege the plaintiff-specific information listed in Exhibit A.

## Defendants

3. Plaintiffs bring suit against the following defendants (list all defendants being named):

| | |
|---|---|
| Defendant 1 | The 3M Company |
| Defendant 2 | AGC Chemicals Americas Inc. |
| Defendant 3 | Amerex Corporation |
| Defendant 4 | Archroma U.S., Inc. |
| Defendant 5 | Arkema, Inc. |
| Defendant 6 | BASF Corporation |
| Defendant 7 | Buckeye Fire Equipment Company |
| Defendant 8 | Carrier Fire & Security Americas Corporation |
| Defendant 9 | Carrier Fire & Security Corporation |
| Defendant 10 | Carrier Global Corporation |
| Defendant 11 | Chemdesign Products Inc. |
| Defendant 12 | Chemguard, Inc. |
| Defendant 13 | Chemicals, Inc. |
| Defendant 14 | Clariant Corporation |
| Defendant 15 | Corteva, Inc. |
| Defendant 16 | Deepwater Chemicals, Inc. |
| Defendant 17 | DuPont de Nemours Inc. |
| Defendant 18 | Dynax Corporation |
| Defendant 19 | E.I. DuPont de Nemours and Company |
| Defendant 20 | National Foam, Inc. |
| Defendant 21 | The Chemours Company |
| Defendant 22 | The Chemours Company FC, LLC |
| Defendant 23 | Tyco Fire Products LP |
| Defendant 24 | DuPont Specialty Products, USA, LLC |
| Defendant 25 | John Doe Entities #1-10 |
| Defendant 26 | |
| Defendant 27 | |

| | |
|---|---|
| Defendant 28 | |
| Defendant 29 | |
| Defendant 30 | |

## Jurisdiction and Venue

4. Plaintiff alleges jurisdiction based on:

☑ Diversity

☐ Federal Question

☐ The "Mass Action" provisions of the Class Action Fairness Act ("CAFA"), which include the requirements under 28 U.S.C. § 1332(d)(11)

☐ Other: ______________________________.

5. Plaintiffs designate the District Courts indicated on Exhibit A as the "Home Venue" defined as the proper venues of origin where the claim(s) could have overwise been brought pursuant to 28 U.S.C. § 1391. E.D.N.Y.

## Plaintiff's Allegations of Exposure

6. Plaintiffs allege exposure to PFAS, as described in Exhibit A, as a result of:

☐ Direct exposure to AFFF (i.e. use or handling of AFFF); and/or

☑ Exposure to drinking water contaminated with PFAS as a result of AFFF; and/or

☐ Exposure to turnout gear ("TOG") containing PFAS.

The specific exposure alleged by each plaintiff is indicated in Exhibit A.

## Plaintiff's Alleged Injuries

7. Plaintiffs allege one more of the following personal injuries as described in Exhibit A:

☑ Kidney Cancer
☐ Testicular Cancer
☑ Thyroid Disease
☐ Ulcerative Colitis
☐ Liver Cancer
☑ Thyroid Cancer

8. Plaintiffs have not described or alleged secondary injuries, damages, or sequela of the injuries alleged above. Plaintiffs reserve the right to seek damages for all such secondary injuries, damages, or sequela attributable to the injuries alleged above.

## Causes of Action

9. The specific causes of action Plaintiff(s) can adopt(s) and incorporate(s) by reference as if set forth fully herein, are the following Causes of Action, of which each Plaintiff on Exhibit A adopts and alleges such Causes as indicated on Exhibit A:

- ☑ Count I – Defective Design
- ☑ Count II – Failure to Warn
- ☑ Count III – Negligence
- ☑ Count IV – Negligence Per Se
- ☑ Count V – Trespass and Battery
- ☑ Count VI – Strict Product Liability
- ☑ Count VII – Market Share Liability, Alternative Liability, Concert of Action, and Enterprise Liability
- ☑ Count VIII – Concealment, Misrepresentation, and Fraud
- ☑ Count IX – Conspiracy
- ☐ Count X – Wrongful Death
- ☑ Count XI – Loss of Consortium

Other Causes of Action:

Count XII – ____________________

Count XIII – ____________________

Count XIV – ____________________

Count XV – ____________________

Count XVI – ____________________

Count XVII – ____________________

Count XVIII – ____________________

Count XIX – ____________________

Count XX – ____________________

Others

____________________

____________________

____________________

## Jury Demand

10. Plaintiffs demand a trial by jury as to all claims in this action.

2:26-cv-03003-RMG Date Filed 05/15/26 Entry Number 1-1 Page 5 of 6

Date: 11/23/2026

Respectfully Submitted,

/s/ Steven J. Phillips

Phillips & Paolicelli LLP
Steven J. Phillips
Daniel Woodard
Victoria Phillips
Marc C. Gorrie
747 Third Avenue
New York, NY 10017
Tel.:212.388.5100

Attorneys for Plaintiff

**Exhibit A to Short Form Complaint in *In re: Aqueous Film-Forming Foams Products Liability Litigation*, MDL 2873**[1]

| | Plaintiff Name (*if injured party is deceased or incapacitated, style as "Plaintiff Name o/b/o Injured/deceased Party Plaintiff Name"*[2]) | DOB (of injured party) | State of Residence | Home venue (per ¶ 5) | Direct Exposure to AFFF (per ¶ 6) | Exposure to Contaminated Drinking Water | Firefighter Turnout Gear | Alleged Injury/ies (per ¶ 7) (only include: kidney cancer; testicular cancer; thyroid disease; ulcerative colitis; liver cancer; and/or thyroid cancer) | Causes of Action (please indicate via Count number) (per ¶ 9) |
|---|---|---|---|---|---|---|---|---|---|
| 1. | Mazzocca, Chloe | 5/8/2009 | New York | E.D.N.Y. | No | Yes | No | Thyroid Cancer, Thyroid Disease | I, II, III, IV, V, VI, VII, VIII, IX |
| 2. | Schecter, Joanna | 10/1/1975 | New York | E.D.N.Y. | No | Yes | No | Thyroid Cancer, Thyroid disease | I, II, III, IV, V, VI, VII, VIII, IX, XI |
| 3. | Schecter, Vivien | 7/25/1945 | Florida | E.D.N.Y. | No | Yes | No | Kidney Cancer; Thyroid Cancer; Thyroid Disease | I, II, III, IV, V, VI, VII, VIII, IX, XI |
| 4. | | | | | | | | | |
| 5. | | | | | | | | | |
| 6. | | | | | | | | | |
| 7. | | | | | | | | | |
| 8. | | | | | | | | | |
| 9. | | | | | | | | | |
| 10. | | | | | | | | | |
| 11. | | | | | | | | | |
| 12. | | | | | | | | | |
| 13. | | | | | | | | | |
| 14. | | | | | | | | | |
| 15. | | | | | | | | | |
| 16. | | | | | | | | | |
| 17. | | | | | | | | | |
| 18. | | | | | | | | | |
| 19. | | | | | | | | | |
| 20. | | | | | | | | | |

[1] Plaintiffs must be listed alphabetically by last name first, then first name. For example: Doe, John.
[2] No more than 150 plaintiffs may be listed. A spousal plaintiff with a loss of consortium claim is considered and will count as a separate plaintiff for this purpose, and the spouse should be listed beneath the plaintiff whose alleged injury gives rise to the spouse's claim/s.